## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR HAYES**<br>**P.O. BOX 7212**<br>**SILVER SPRING, MD 20907**<br>**301.520.5404**<br><br>    **Plaintiff,**<br><br>**V.**<br><br>**ELAINE CHAO**<br>**SECRETARY, U.S. DEPARTMENT OF LABOR**<br>**200 CONSTITUTION AVE., N.W.**<br>**WASHINGTON, DC 20210**<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Civil Action No.:08-0915-ESH**

**JURY TRIAL DEMANDED**

# RECEIVED

JUN **1 8** 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## AMENDED VERIFIED COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. §§ 2000e, et seq., against Defendant Elaine Chao, Secretary, U.S. Department

of Labor for employment discrimination on the basis of race for failure to compensate

Plaintiff Victor Hayes for performing substantially equal work as Caucasian co-workers.

## JURISDICTION AND VENUE

2.    This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3.    Venue is proper in this Court because Defendant is located in the District of Columbia,

and all relevant actions took place in the District of Columbia.

## PARTIES

4.    Plaintiff Victor Hayes ("Hayes") is a male citizen of the United States who resides in

Maryland. He was an employee of the U.S. Department of Labor, Bureau of Labor

Statistics in Washington, DC from July 20, 1997 until December 13, 2002 in the capacity

of Economist.

5.   Defendant Department of Labor ("DOL") is a government entity that employed Plaintiff
     Hayes.

## FACTUAL BASIS OF COMPLAINT

6.   Plaintiff Hayes resigned from the DOL on December 13, 2002.

7.   Plaintiff Hayes has worked for private industry since he resigned from the DOL on
     December 13, 2002.

8.   On December 28, 2006 Plaintiff Hayes discovered that while employed in Defendant
     DOL's, Bureau of Labor Statistics' ("BLS") Office of Publications and Special Studies
     ("OPUB"), he performed the same work as a Caucasian GS-13 employee when Plaintiff
     Hayes was paid less as an African-American GS-11 employee.

9.   Two major rating elements from Defendant DOL's Performance Standards and Rating for
     Employees were identical for Plaintiff Hayes and this Caucasian GS-13 employee.
     Plaintiff's Exhibits 1 and 2 respectively.

10.  These two major rating elements from Defendant DOL's Standards and Rating for
     Employees constitute the majority of duties performed by all employees of Defendant
     DOL's OPUB.

11.  Defendant DOL's management was fully aware of this inequity in pay when Defendant
     DOL's management testified under oath during a 2004 arbitration hearing that Defendant
     DOL's management knew all OPUB employees had almost identical Performance
     Standards and all OPUB employees were all performing the same work.  Plaintiff's
     Exhibit 3.

12.  As a result of this 2004 arbitration hearing, the arbitrator found on June 18, 2004 that
     Defendant DOL's OPUB African-American employees were not being equally paid for
     performing substantially equal work as their Caucasian co-workers.  Plaintiff's Exhibit 4.

13.    As of the filing of this civil case, this inequality in pay discrimination is still being

practiced in Defendant DOL's OPUB and management has not attempted to remedy this

ongoing discrimination against African-American OPUB employees.

14.    As of the filing of this civil case, Defendant DOL's OPUB's African-American employees

in GS-6 through GS-11 grades are still performing the same work as this Caucasian GS-

13 employee and are still being paid less for performing the same work.

15.    Defendant DOL's ongoing discriminatory practices have caused the forty five day cycle

for contacting an EEO counselor to restart several times since Plaintiff Hayes' resignation

from the DOL regarding this equal pay for equal work issue.

16.    With due diligence, Plaintiff Hayes contacted an EEO counselor within 45 days when he

learned about OPUB's discriminatory action on December 28, 2006 after viewing a

former Caucasian co-worker's Performance Standards and Rating for Employees.

17.    The terms of the regulation time limit under 29 C.F.R. § 1614 should have been extended

by Defendant DOL's Office of Civil Rights in Plaintiff Hayes' case because his claim

was subject to equitable tolling and he should have had the administrative time limit for

contacting an EEO counselor extended regarding this past and ongoing equal pay for

equal work discrimination issue.

18.    Plaintiff Hayes filed a formal complaint of discrimination with Defendant DOL's Civil

Rights Center on April 19, 2007.

19.    Plaintiff Hayes received a Right To Sue Letter from the U.S. Equal Employment

Opportunity Commission dated February 7, 2008.

## COUNT ONE

20.    Plaintiff Hayes hereby incorporates as though restated each of the factual allegations

stated in the foregoing paragraphs.

21.    After discovering this inequity in pay between Plaintiff Hayes and a Caucasian co-worker on December 28, 2006, Plaintiff Hayes contacted Defendant DOL's Civil Rights Center within 45 days.

22.    As a direct and proximate result of Defendant DOL's actions, Plaintiff Hayes has suffered discrimination.

23.    The direct result of Defendant DOL's actions justifies an award including, but not limited to damages and costs, expert witness fees, and reasonable attorney's fees as permitted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Victor Hayes respectfully prays that this Court order the following relief:

a)    Enter a declaratory judgment that Defendant Elaine Chao, Secretary, U.S. Department of Labor unlawfully violated Plaintiff Hayes' rights in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq;

b)    Award to Plaintiff Hayes and against Defendant Elaine Chao, Secretary, U.S. Department of Labor punitive damages in the amount of $25,000,000;

c)    Award to Plaintiff Hayes and against Defendant Elaine Chao, Secretary, U.S. Department of Labor compensatory damages which represents the difference in pay from Plaintiff Hayes' GS-11 salary and the Caucasian GS-13 employee's salary while performing the same duties;

d)    Issue Plaintiff Hayes a new form SF-50 which reflects a GS-13 status while performing the same duties as the Caucasian GS-13 employee;

e)    Award to Plaintiff Hayes and against Defendant Elaine Chao, Secretary, U.S. Department of Labor reasonable attorneys' fees, expert witness fees, costs, and disbursements associated with prosecution of this action; and

f)    Award to Plaintiff Hayes such additional relief as justice may require.

_6 - 18 - 08_
(Date)

_Victor Hayes_
Victor Hayes
Plaintiff, Pro Se
P.O. Box 7212
Silver Spring, MD  20907
301.520.5404

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Wednesday, June 18, 2008 the forgoing Amended Verified Complaint For Employment Discrimination was served by U.S. Postal Service Certified Mail on the following:


ELAINE CHAO
SECRETARY, U.S. DEPARTMENT OF LABOR
200 CONSTITUTION AVE., N.W.
WASHINGTON, DC 20210

U.S. ATTORNEY GENERAL
950 PENNSYLVANIA AVE NW
WASHINGTON DC 20530

U.S. ATTORNEY
501 3rd St., NW
WASHINGTON DC 20001




_Victor Hayes_

Victor Hayes
Plaintiff, Pro Se

_6-18-08_

Date

## <u>JURY TRIAL DEMAND</u>

Plaintiff requests a jury trial on all issues of fact and damages.

Respectfully submitted,
Victor Hayes

6-18-08

(Date)

Victor Hayes

Victor Hayes
Plaintiff, Pro Se
P.O. Box 7212
Silver Spring, MD  20907
301.520.5404

**Performance Standards and Rating for Employees in the Local 12 Bargaining Unit**

**U.S. Department of Labor**
Office of the Assistant Secretary for
Administration and Management

Instructions: Sections 1 through 6 and the first two parts of Section 8 will be completed by the supervisor after coordination with the employee, at the beginning of the appraisal period. Section 7 and the remainder of Section 8 and Sections 9 and 10, as appropriate, will be completed at the end of the appraisal period.

| | |
|---|---|
| **1. Name of Employee** Victor Hayes | **3. Organizational Location** Office of Publications and Special Studies |
| **2. Title and Grade** Economist GS-11 | Division of Information Services |
| **5. Rating Due Date** 8/1/02 | **4. Title of Pay Deciding Official** Associate Commissioner |

**6. Establishment of Critical/Noncritical Elements and Performance Standards**

a. Rater Certification After Discussion With the Employee

_Mary E. Gilfrchail_          2/7/02
Signature of Rater          Date

b. Employee Response
My Supervisor ☐ has, ☐ has not discussed these standards and critical elements with me.
I ☐ have, ☐ have not included written comments on these performance standards.

_Refused to sign_

Signature of Employee          Date

c. Higher Level Review   ☑ These elements and standards have been reviewed and are approved.
_Deborah Klee_  6/18/02
Signature of Reviewer   Date

d. Employee Receipt

Signature of Employee   Date

**7. Summary Performance Rating**

a. Appraisal Period   From 8/1/01  To 7/31/02

b. Type of Summary Rating (See explanation in item 9.)
☐ Rating of Record*   ☐ Interim Rating

c. Summary Performance Rating (Check the definition which describes the employee's overall performance during the rating period and sign below.)

☐ **Outstanding Performance** - Performance exceeds the described level in the performance standards for all critical elements, and for 50 percent or more of the other elements. Performance does not fall below the standard for any element of the job.

☐ **Highly Effective** - Performance exceeds the described level in the performance standards for 50 percent or more of the critical elements. Performance does not fall below the standard for any element.

☐ **Fully Successful** - Performance meets the described level in the performance standards all critical elements.

☐ **Minimally Satisfactory** - Performance in one or more critical elements is slightly below standard.

☐ **Unacceptable Performance** - Performance fails to meet the described level in the performance standards for one or more critical elements of the job.
* This annual rating of record ☐ does ☐ does not include other performance information. If it does, see item 9 for explanation.
** If there is only one Noncritical element, the percentage requirement does not apply.

d.
Signature of Rater          Date

e. Employee Response
My Supervisor ☐ has, ☐ has not discussed this rating with me.   ☐ I have, ☐ have not included written comments.

Signature of Employee          Date

f. Higher Level Reviewer
☐ I have reviewed and concur with this rating.

g. Employee Receipt
My signature on this form does not constitute agreement with the rating nor does it indicate that I will not grieve the rating.

Signature of Reviewer   Date          Signature of Employee   Date

DL 1-390
Rev. Sept. 1992

PLAINTIFF'S EXHIBIT 1

**8.  Performance Standards and Rating**

(See DLS Appendix B to FPM 430 and Article 12 of the DOL/Local 12 Collective Bargaining Agreement for instructions on developing job elements, performance standards, and making appraisals.)

Each Performance Standard and Rating will be numbered consecutively and consists of the following:

a)  **Element:**  List the major objectives or responsibilities of the job.

b)  **Performance Standards:**  For each job element, describe the results expected when performance is at a satisfactory level in terms of quality, timeliness, and quantity, as appropriate.  The methods of measurement should also be included, when practicable.

c)  **Element Rating and Narrative:**  (1)  Check the appropriate space as to whether the employee "Exceeds (E)," "Meets (M)," "Needs to Improve (NI)," or "Fails to Meet (FM)" the standard for the element and (2) give a brief narrative description of the results achieved, except when the element is rated at meets level.  (A narrative is optional when the employee is rated meets.")  Do not rate the employee on any elements on which he/she has not been assigned work and given the opportunity to perform.

---

(1)  (Check One)                    ☒ Critical                    ☐ Noncritical

**a.  Element:**

Provides information and consultation to internal and external users of BLS data in the form that best meets the customers' needs.

**b.  Performance Standard:**

Performance is satisfactory when routine information is provided to customers.  The following criteria must be met:

1.  Responses to inquiries are prompt, courteous, and thorough.

    a.  Incumbent is knowledgeable of BLS data and information.

    b.  Responds to customer inquiries in a courteous, professional, and timely manner.

    c.  Incumbent has the ability to locate and disseminate the requested data in a timely fashion. Incumbent directs inquiries to the appropriate program staff when needs cannot be supplied directly.

    d.  Responses to requests for information are accurate, understandable, and timely.  Incumbent can explain the technical uses and limitations of the data.

    e.  Incumbent applies economic principles to help users understand data trends.

2.  Incumbent learns and demonstrates proficiency in new technologies that serve more customers' needs.  Incumbent educates customers by showing them how to use new technology to satisfy their data needs and to promote the variety of of data available to customers.

3.  Incumbent deals with inquiries from the media.

**c.  Element Rating and Narrative:**          ☐ E          ☐ M          ☐ NI          ☐ FM

---

(2)  (Check One)                    ☒ Critical                    ☐ Noncritical

**a.    Element:**

Provides written responses to customer email.

Writes or edits sections of reports and other written materials for publication.

**b.    Performance Standard:**

Performance is satisfactory when email is answered courteously and professionally.  Answers are accurate, complete, and timely.  In this context, timely means that answers go out as soon as possible and the goal is to answer every email  within 24 hours of its receipt.  If the workload is unusually heavy and it takes longer than 24 hours to answer some of the email, then it should be apparent that steady progress was made on email throughout the time until the email is finished.

Performance is satisfactory when reports, brochures, summaries, BLS Customer Service Guide, other outreach publications, and written materials submitted for review are accurate, clear, concise, well organized and have sound editorial content. Develops and/or proposes improvements of current publications. Materials require few major changes before clearance. Completes work by established deadlines and follows appropriate BLS standards.

**c.    Element Rating and Narrative:**        ☐ E              ☐ M              ☐ NI              ☐ FM

**Performance Standards and Rating for Employees in the Local 12 Bargaining Unit**

**U.S. Department of Labor**
Office of the Assistant Secretary for
Administration and Management

Instructions: Sections 1 through 6 and the first two parts of Section 8 will be completed by the supervisor after coordination with the employee, at the beginning of the appraisal period. Section 7 and the remainder of Section 8 and Sections 9 and 10, as appropriate, will be completed at the end of the appraisal period.

| | |
|---|---|
| **1. Name of Employee** <br> Mary Ellen Ayres | **3. Organizational Location** <br> Office of Publications and Special Studies |
| **2. Title and Grade** <br> Writer - Editor  GS-13 | Division of Information Services |
| **5. Rating Due Date** <br> 10/1/03 | **4. Title of Pay Deciding Official** <br> Associate Commissioner |

**6. Establishment of Critical/Noncritical Elements and Performance Standards**

a. Rater Certification After Discussion With the Employee

Signature of Rater                                   Date  3/28/03

b. Employee Response

My Supervisor [X] has, [ ] has not discussed these standards and critical elements with me.

I [ ] have, [X] have not included written comments on these performance standards.

Signature of Employee  *Mary Ellen Ayres*                 Date  3/28/03

c. Higher Level Review

[X] These elements and standards have been reviewed and are approved.

Signature of Reviewer                    Date  3-28-03

d. Employee Receipt

Signature of Employee  *Mary Ellen Ayres*   Date 3/28/03

**7. Summary Performance Rating**

a. Appraisal Period

From  8/1/02    To   9/30/03●

b. Type of Summary Rating (See explanation in item 9.)

[ ] Rating of Record*          [ ] Interim Rating

c. Summary Performance Rating (Check the definition which describes the employee's overall performance during the rating period and sign below.)

[ ] **Outstanding Performance** - Performance exceeds the described level in the performance standards for all critical elements, and for 50 percent or more of the other elements. Performance does not fall below the standard for any element of the job.

[ ] **Highly Effective** - Performance exceeds the described level in the performance standards for 50 percent or more of the critical elements. Performance does not fall below the standard for any element.

[X] **Fully Successful** - Performance meets the described level in the performance standards all critical elements.

[ ] **Minimally Satisfactory** - Performance in one or more critical elements is slightly below standard.

[ ] **Unacceptable Performance** - Performance fails to meet the described level in the performance standards for one or more critical elements of the job.

\* This annual rating of record [ ] does [ ] does not include other performance information. If it does, see item 9 for explanation.
\*\* If there is only one Noncritical element, the percentage requirement does not apply.

d.

Signature of Rater                                   Date  11/14/03

e. Employee Response

My Supervisor [X] has, [ ] has not discussed this rating with me.      [ ] I have, [X] have not included written comments.

Signature of Employee  *Mary Ellen Ayres*       Date  11/14/03

f. Higher Level Reviewer

[ ] I have reviewed and concur with this rating.

Signature of Reviewer            Date

g. Employee Receipt

My signature on this form does not constitute agreement with the rating nor does it indicate that I will not grieve the rating.

Signature of Employee  *Mary Ellen Ayres*  Date 11/14/03

DL 1-390
Rev. Sept. 1992

PLAINTIFF'S EXHIBIT 2

## 8. Performance Standards and Rating

(See DLS Appendix B to FPM 430 and Article 12 of the DOL/Local 12 Collective Bargaining Agreement for instructions on developing job elements, performance standards, and making appraisals.)

Each Performance Standard and Rating will be numbered consecutively and consists of the following:

a) **Element:** List the major objectives or responsibilities of the job.

b) **Performance Standards:** For each job element, describe the results expected when performance is at a satisfactory level in terms of quality, timeliness, and quantity, as appropriate. The methods of measurement should also be included, when practicable.

c) **Element Rating and Narrative: (1)** Check the appropriate space as to whether the employee "Exceeds (E)," "Meets (M)," "Needs to Improve (NI)," or "Fails to Meet (FM)" the standard for the element and (2) give a brief narrative description of the results achieved, except when the element is rated at meets level. (A narrative is optional when the employee is rated meets.") Do not rate the employee on any elements on which he/she has not been assigned work and given the opportunity to perform.

(1)   (Check One)            ☒ Critical            ☐ Noncritical

a.   **Element:**
Provides information, advice, and consultation to internal and external users of BLS data in the form that best meets the customers' needs.

b.   **Performance Standard:**
Performance is satisfactory when routine information is provided to customers. The following criteria must be met:

1. Responses to direct inquiries are prompt, courteous, and thorough.

   a. Visitors are greeted courteously and phones are answered promptly and professionally. Customers are not kept on hold any longer than necessary.

   b. Requests for readily accessible data are usually handled within two hours. (End of business day is acceptable if the telephones have been exceptionally busy.) Complicated requests are generally handled within two working days.

   c. Responses to requests for information are accurate, understandable, and timely. Incumbent can explain the technical uses and limitations of the data.

   d. Incumbent applies economic principles to help users understand data trends.

2. Incumbent learns and demonstrates proficiency in new technologies that serve more customers' needs. Incumbent educates customers by showing them how to use new technology to satisfy their data needs.

3. Incumbent works cooperatively with colleagues to assure that reception area and all telephones are covered during business hours.

4. Incumbent learns to deal with inquiries from the media.

c.   **Element Rating and Narrative:**        ☐ E        ☒ M        ☐ NI        ☐ FM

Ms. Ayres does a good job handling customer request and inquiries. However, she needs improvement adhering to her phone duty schedule, by arriving to the call center on time.

(3)  (Check One)                          ☒ Critical                    ☐ Noncritical

a.   **Element:**
Provides written responses to customer email.

Writes or edits sections of reports and other written materials for publication.


b.   **Performance Standard:**
Performance is satisfactory when email is answered courteously and professionally.  Answers are accurate, complete, and timely.

Performance is satisfactory when reports, brochures, summaries, BLS Customer Service Guide, other outreach publications, and written materials submitted for review are accurate, clear, concise, well organized and have sound editorial content. Develops and/or proposes improvements of current publications. Materials require few major changes before clearance. Completes work by established deadlines and follows appropriate BLS standards.   .


c.   **Element Rating and Narrative:**        ☐ E          ☒ M          ☐ NI          ☐ FM


Ms Ayres responses to incoming email are generally satisfactory, but often there is a lag of several days before a particular email is answered.  Ms. Ayres needs to work on her time management.

use new technology to satisfy their data needs and to promote the variety of (sic) data available to customers.

3.   Incumbent works cooperatively with colleagues to assure that the Call Center activities are covered during business hours.

4.   Incumbent deals with inquiries from the media. (This is particular only to the GS-12 Economist position).

4.   Incumbent learns to deal with inquiries from the media. (This is particular only to the GS-11 Economist position).

4.   Incumbent actively shares or communicates knowledge and expertise with colleagues to assure that customers receive complete and accurate responses to their inquiries. (This is particular only to the GS-6, 8 Technical Information Assistant.)

Element #3 – provides written responses to customer email.

Writes or edits sections of reports and other written materials for publication.

Standard #3 – performance is satisfactory when email is answered courteously and professionally. Answers are accurate, complete, and timely.

Performance is satisfactory when reports, brochures summaries, BLS customer Service Guide, other outreach publications, and written materials submitted for review are accurate, clear, concise, well organized and have sound editorial content. Develops and/or proposes improvements of current publications. Materials require few major changes before clearance. Completes work by established deadlines and follows appropriate BLS standards.

Element #7 – completes routine assignments and other tasks as assigned.

Standard #7 – performance is satisfactory when incumbent:

1.   Attends and actively participates in scheduled staff meetings.

2.   Prepares and submits any required comprehensive monthly progress reports by the scheduled deadline.

3.   Accurately completes and submits flextime records and time distribution forms by the scheduled date.

4.   Accurately completes and submits other administrative forms (e.g., BLS Customer Satisfaction Surveys) and routine assignments as required.

> "Every employee, no matter what the grade and no matter whether they are considered professional or clerical, has essentially the same type of elements and standards."

In her Step 1 Response to the instant grievance, Mary McMichael, who was Chief of the Division of Information Services, until her retirement and replacement by Tracy Jack, stated that:

Every employee, no matter what the grade and no matter whether they are considered professional or clerical, has essentially the same type of elements and standards. It is acknowledged that this element and standard [relating to responding to e-mails] is essentially the same for both professional and clerical staff. However, the complexity

6

PLAINTIFF'S EXHIBIT 3

TIA, which was then withdrawn. That posting, however, required a year-in-grade at GS-7 level in order to be eligible to apply for the GS-8 position.

Unfortunately, at no time that was relevant to the instant grievance, did the Grievants ever request a desk audit in order to determine whether their positions, at least as of the filing of the grievance, were properly classified.

Accordingly, based on all of the above, the Arbitrator directs the following remedial action:

## AWARD

1. Management is in violation of Article 18, Section 4(a) of the CBA.

2. The question of the amount of back pay to be awarded the Grievants herein, shall be remanded to the parties for consideration in light of the decision herein.

3. If the parties are unable to resolve the amount of back pay, the matter shall be referred back to the Arbitrator for determination.

4. In conjunction with the back pay issues, the DOL shall be directed to have a desk audit conducted on the GS-6 TIA positions to determine if there should be an adjustment in grade level and/or promotional opportunities based on the duties performed as established by the record herein.

5. In the event such a desk audit supports a reclassification of the TIA grade level, the parties shall also seek to resolve any issues as to its retroactive application to the instant grievance.

6. The Arbitrator shall retain jurisdiction to address any unresolved remedial issues attendant to the back pay determination and the desk audit reclassification.

"Management is in violation of Article 18, Section 4(a) of the CBA."

Herbert Fishgold
Arbitrator

June 18, 2004

PLAINTIFF'S EXHIBIT 4



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C.  20036

Victor Hayes,
Complainant,

v.

Elaine Chao,
Secretary,
Department of Labor,
Agency.

Request No. 0520080223

Appeal No. 0120073844

Agency No. 0711066

## DENIAL

Complainant timely requested reconsideration of the decision in *Victor Hayes v. Department of Labor*, EEOC Appeal No. 0120073844 (November 30, 2007).  EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that:  (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency.  *See* 29 C.F.R. § 1614.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request.  The decision in EEOC Appeal No. 0120073844 remains the Commission's final decision.  There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision.  You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.  If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title.  Failure to do so may result in the dismissal of your case in court.

2                                            0520080223

"Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

FEB   7 2008

Date

3

0520080223

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Victor Hayes
6200 Breezewood Dr #304
Greenbelt, MD 20770

Annabelle T. Lockhart, Director
Office of Civil Rights
Department of Labor
200 Constitution Ave., NW #N4123
Washington, DC 20210

FEB 7 2008
_____
Date

_____
Equal Opportunity Assistant