**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
**VICTOR HAYES,**                       )
                                        )
        **Plaintiff,**                  )
                                        )
        **v.**                          )   **Civil Action No. 08-915 (ESH)**
                                        )
**ELAINE CHAO,**                        )
**Secretary, United States Department of Labor,**  )
                                        )
        **Defendant.**                  )
_____)

## MEMORANDUM OPINION

        Plaintiff, a former employee at the United States Department of Labor ("DOL"), has filed

a _pro se_[1] action for employment discrimination under Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e _et. seq._  Defendant has moved to dismiss for failure to state a claim upon

which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for

summary judgment pursuant to Fed. R. Civ. P. 56.  Because plaintiff failed to contact an EEO

counselor within 45 days of developing a reasonable suspicion of race discrimination, as

required by 29 C.F.R. § 1614.105, the Court will grant defendant's motion to dismiss.

## BACKGROUND

        Plaintiff Victor Hayes, an African-American male, began working as a GS-9 economist

at the DOL's Bureau of Labor Statistics ("BLS") on July 20, 1997.  (Am. Compl. ¶ 4; Def.'s

Exh. A[2] at 2.)  By 2002, he was a GS-11 economist at the BLS Office of Publications and

---

        [1]The Court acknowledges that, as a pro se litigant, plaintiff's filings should be construed
liberally.  _See Razzoli v. Federal Bureau of Prisons_, 230 F.3d 371, 374 (D.C. Cir. 2000).

        [2]EEO Counselor's Summary Report, dated Mar. 28, 2007.

Special Studies ("OPUB").  (Def.'s Exh. A at 2.)  On February 11, 2002, plaintiff and four other

African-American employees filed a grievance against the DOL.  (Def.'s Exh. B.[3])  The

grievants claimed that the DOL had violated the collective bargaining agreement "by having

employees performing higher level work than the grades they [had been] given," and that "[a]ll

five of the employees in this case are being denied equal pay for equal work due to the fact that

they are African-American."  (*Id*. at 1, 3.)  Grievants also alleged that "Mr. Hayes is not only

performing the same tasks as GS-12 and GS-13s in this office . . . but [he] is actually correcting

the work of a GS-13 employee."[4]  (*Id*. at 3.)

      Plaintiff's relationship with his employer did not improve.  He filed an EEO complaint in

September 2002 (Def.'s Exh. E[5]), and by the following February, he had been suspended for

thirty days and removed from service.  (Def.'s Exh. M.[6])  In response, he filed additional

grievances challenging, *inter alia*, his suspension and removal.  (*Id*.)  On February 10, 2003,

plaintiff agreed to resign as of December 13, 2002, and to withdraw all of his grievances in

exchange for having the suspension and removal expunged from his personnel file.  (*Id*.)

      On December 28, 2006, four years after he had resigned from the DOL, plaintiff claims

---

[3]DOL/Local 12 Standard Grievance Form, filed Feb. 11, 2002.

[4]On June 18, 2004, an arbitrator determined that the DOL had violated the equal pay provision of the collective bargaining agreement with respect to the other four grievants.  (Def.'s Exh. K, "Arbitrator's Opinion and Award," issued June 18, 2004.)  However, the arbitrator did not consider any claims relating to plaintiff, who had left the DOL more than a year earlier, nor did he make any findings regarding discrimination.

[5]DOL Civil Rights Center Letter to Plaintiff, dated July 19, 2007.  The basis for the September 2002 complaint is unknown, but plaintiff does not attempt to rely on it for satisfying the 45-day requirement under 29 C.F.R. § 1614.105.

[6]Settlement Agreement Between U.S. Department of Labor, American Federation of Government Employees, Local 12, and Victor Hayes, dated Feb. 10, 2003.

that he obtained a copy of another employee's DOL Form 1-390, "Performance Standards and Rating for Employees in the Local 12 Bargaining Unit." (Am. Compl. ¶ 8; Def.'s Exh. A at 2.) This was an evaluation of Mary Ellen Ayres, a white woman who was a GS-13 writer/editor at the OPUB. (Pl.'s Exh. 2.) The Form 1-390 contains an "element" field that "list[s] the major objectives or responsibilities of the job." (Pl.'s Exhs. 1, 2.) Two of the three elements on plaintiff's Form 1-390 are identical to those on Ms. Ayres' form, and the third is nearly identical. (*Id.*)

On the next day, plaintiff contacted an EEO counselor. (Def.'s Exh. A at 1.) He filed an informal complaint on January 31, 2007, claiming that he "performed the same work as a white GS-13 employee when [he] was paid as a GS-11 employee." (Def.'s Exh. C.) Plaintiff filed a formal complaint on April 19, 2007, but it was dismissed by the DOL Civil Rights Center ("CRC") for being untimely under 29 C.F.R. § 1614.105(a)(1). (Def.'s Exhs. D,[7] E.)

Plaintiff initiated this action on May 12, 2008.[8] He claims that the DOL discriminated against him based on his race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, by paying him less than Ayres even though the two performed the same job functions. (Am. Compl. ¶¶ 1, 8.) In response, defendant argues that plaintiff's claim is untimely under 29 C.F.R. § 1614.105(a)(1), or in the alternative, that plaintiff is not similarly situated to Ayres and defendant had legitimate, non-discriminatory reasons for paying her more. (Def.'s Mot. at 9-10,

---

[7]Plaintiff's Formal Complaint of Discrimination, filed Apr. 19, 2007.

[8]Plaintiff also initiated a lawsuit in this Court alleging that he had been a victim of retaliation and discrimination because of the DOL's handling of his sick and annual leave balances. *Hayes v. Chao*, 541 F. Supp. 2d 387, 387-88 (D.D.C. 2008). Several of his claims were dismissed for failure to exhaust under 29 C.F.R. § 1614.105(a)(1), and the rest were dismissed for failing to state a claim under Fed. R. Civ. P. 12(b)(6).

24-25.)

## ANALYSIS

Lodging a timely administrative charge is a prerequisite to filing a Title VII claim in federal court. *See Jarrell v. U.S. Postal Serv.*, 753 F. 2d 1088, 1091 (D.C. Cir. 1985). An employee of the federal government complaining of discrimination must consult an EEO counselor within forty-five days of the allegedly discriminatory action in order to try to informally resolve the matter. *See* 29 C.F.R. § 1614.105(a)(1). "The plaintiff's time for filing an EEOC charge starts to run when the plaintiff has a reasonable suspicion that he has been the victim of discrimination." *Johnson v. Gonzales*, 479 F. Supp. 2d 55, 59 (D.D.C. 2007) (internal citations omitted). "The applicable case law and regulation . . . do not allow a plaintiff to wait until he has direct proof of the allegedly discriminatory actions; rather, they require a plaintiff to file an EEOC charge even if he is not in possession of the 'supportive facts' necessary to prosecute a discrimination charge." *Id.* (quoting *Paredes v. Nagle*, No. 81-cv-1374, 1982 WL 319, at *4 (D.D.C. Jan. 17, 1982)).

These procedural requirements are "part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining non-discrimination in employment." *Kizas v. Webster*, 707 F.2d 524, 544 (D.C. Cir. 1983) (internal citations omitted). "Exhaustion is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary." *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985). The deadlines allow an employer to quickly investigate before evidence becomes stale. *See Delaware State College v. Ricks*, 449 U.S. 250, 256-57 (1980) (the

exhaustion requirement "protect[s] employers from the burden of defending claims arising from employment decisions that are long past"). Dismissal results when a plaintiff fails to exhaust his administrative remedies. *See Gillet v. King*, 931 F. Supp. 9, 12-13 (D.D.C. 1996) (dismissing plaintiff's Title VII claim because he failed to exhaust his administrative remedies). But failure to exhaust is an affirmative defense, and the burden rests with the defendant. *See Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997); *Marsh*, 777 F.2d at 13.

The first question for the Court is when plaintiff had a reasonable suspicion that he had been the victim of discrimination. *Johnson*, 479 F. Supp. 2d at 59. In February 2002, plaintiff claimed that he was being denied equal pay for equal work because he was African-American. (Def.'s Exh. B.) He alleged that even though he was doing the work of GS-12 and GS-13 employees, the DOL refused to promote him beyond the GS-11 level because of his race. (*Id.*) This prior claim is essentially the same as plaintiff's current allegation that he is performing the same work as a higher-ranked white employee. (Am. Compl. ¶ 8.) Therefore, by February 2002, plaintiff clearly had a reasonable suspicion of discrimination.

Plaintiff suggests that the clock did not start until he first obtained proof of the alleged discrimination. (Pl.'s Opp'n at 2.) According to plaintiff, it was not until he saw Ms. Ayres' performance report that he was "in a position to compare his rating elements . . . to those of a Caucasian GS-13 . . . performing the same duties." (*Id.*) However, it is well-established that the 45-day clock begins when a plaintiff first suspects discrimination, not when he has obtained the "'supportive facts' necessary to prosecute a discrimination charge." *Johnson*, 479 F. Supp. 2d at 59.

Plaintiff also argues that "Defendant DOL's ongoing discriminatory practices have

caused the forty five day cycle for contacting an EEO counselor to restart several times since [his] resignation from the DOL." (Am. Compl. ¶ 15.) However, in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-15 (2002), the Supreme Court noted that a failure to promote is a "discrete act" that is "easy to identify." *Id*. at 114. The Court held that a plaintiff must satisfy the filing requirements for each discrete act of discrimination. *Id*. In this case, the latest possible discrete act of discrimination was in December 2002, when plaintiff's employment at the DOL ended, but he did not contact an EEO counselor until four years later.[9]

Plaintiff attempts to overcome *Morgan* by suggesting that this is a "pattern-or-practice" case. (Am. Compl. ¶¶ 13-15.) *See also Torres v. Mineta*, 04-cv-0015, 2005 WL 1139303, at *4 (D.D.C. May 13, 2005) (while *Morgan* overturned the continuing violation doctrine as applied to discrete acts of discrimination, its holding does not affect "pattern-or-practice" claims). However, pattern-or-practice claims are generally brought by a class rather than an individual plaintiff. *See Major v. Plumbers Local Union No. 5*, 370 F. Supp. 2d 118, 127 (D.D.C. 2005) ("plaintiff may not proceed on a pattern and practice claim in an individual discrimination action") (relying on *Murphy v. PriceWaterhouseCoopers, LLP*, 357 F. Supp. 2d 230, 246 (D.D.C. 2004)). Furthermore, "[c]ourts have been wary of plaintiffs transforming what would otherwise be claims of discrete discrimination into a pattern and practice claim to avoid the statute of limitations and the clear instructions of *Morgan*." *Id*. In any event, plaintiff has no

---

[9]To the extent that plaintiff argues that each paycheck restarted the 45-day clock, the Supreme Court rejected this idea in *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S. Ct. 2162, 2169 (2007) ("A new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from the past discrimination.") Moreover, even if the 45-day period ran after plaintiff received his last paycheck, it was still several years before he contacted an EEO counselor.

standing to object to practices that postdated his departure from the DOL.  Plaintiff is therefore

unable to state a claim under either a discrete acts or pattern-or-practice theory for acts that

occurred after he left the DOL.

The final question is whether any of the equitable tolling provisions apply here.  An

agency must extend the 45-day time limit when

> the individual shows that he or she was not notified of the time
> limits and was not otherwise aware of them, that he or she did not
> know and reasonably should not have [] known that the
> discriminatory matter or personnel action occurred, that despite
> due diligence he or she was prevented by circumstances beyond
> his or her control from contacting the counselor within the time
> limits, or for other reasons considered sufficient by the agency or
> the Commission.

29 C.F.R. § 1614.105(a)(2).  Plaintiff has the "burden of pleading and proving equitable reasons

to excuse his failure to comply with the 45-day requirement under 29 C.F.R. § 1614.105(a)(2)."

*O'Neal v England*, No. 03-5261, 2004 WL 758965, at *1 (D.C. Cir. Apr. 7, 2004) (citing *Saltz v.*

*Lehman*, 672 F.2d 207, 209 (D.C. Cir. 1982)).

Plaintiff has not suggested that he was unaware of the time limit or that he was prevented

from contacting an EEO counselor.  In fact, plaintiff had considerable experience with

employment claims given that he had filed at least four union grievances and one EEO

complaint.  (Def.'s Exhs. E, M.)  And, as explained above, he had developed a reasonable

suspicion of discrimination by February 2002.  Therefore, plaintiff is not entitled to invoke the

equitable tolling doctrine.[10]

---

[10]Given the Court's conclusion that plaintiff failed to contact an EEO counselor in a
timely fashion, it need not address defendant's argument that she is entitled to summary
judgment because plaintiff was not similarly situated to Ms. Ayres given the difference in work
assignments and the fact that Ayres had 33 years of experience with the DOL as compared to

**CONCLUSION**

For the reasons stated above, the Court will grant defendant's motion to dismiss.  A

separate Order accompanies this Memorandum Opinion.


                                                    _____/s/_____
                                                    ELLEN SEGAL HUVELLE
                                                    United States District Judge


DATE:    December 30, 2008

_____

plaintiff's five years.  (Def.'s Mot. at 24.)